TREND *v.* DETROIT UNITED RAILWAY.

1. MASTER AND SERVANT — PERSONAL INJURIES — FELLOW-SERVANTS—INCOMPETENT SERVANT—NEGLIGENCE—TRIAL — INSTRUCTIONS.

Where, in an action by a servant against an electric railway company for injuries caused by being struck by a car operated by an incompetent motorman, the only ground upon which recovery could be based was the negligence of defendant in retaining the incompetent servant in its employ with knowledge of his incompetence, it was error to instruct that the jury might fully consider the other claims of negligence in determining whether defendant retained in its employ an incompetent motorman whose negligence caused the injury.

2. Same—Evidence—Books—Admissibility.

Books kept by defendant showing the records of conductors and motormen, and containing entries as to the alleged incompetent motorman, are admissible in evidence as to his record, not only for the purpose of showing notice to the company of his record, but also as prima facie evidence of any facts stated therein, and plaintiff is not limited in his use of the books to specific acts of incompetency otherwise shown, except as he may have limited himself by his declaration.

3. Same—Defenses—Demands of Union.

Whether a servant suing his master for a personal injury caused by the negligence of an incompetent fellow-servant is estopped to rely on the negligence of the master in retaining such servant in his employ by the fact that such retention was due to the demands of a union of which plaintiff was a member, will not be decided on a record which does not show the agreement between the defendant and the union.

Error to Oakland; Smith, J. Submitted June 21, 1907. (Docket No. 75.) Decided July 15, 1907.

Case by Jacob A. Trend against the Detroit United Railway for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Brennan, Donnelly & Van De Mark* and *James H. Lynch*, for appellant.

*Andrew L. Moore*, for appellee.

Blair, J. Plaintiff, a conductor in the employ of defendant, while in the discharge of his duties as such conductor, was struck and seriously injured by a car operated by another employé of defendant, a motorman by the name of Dillon, operating said car upon an adjacent parallel track. There was evidence tending to show that Dillon operated his car negligently, that he was incompetent to perform the duties of his position, and that defendant had notice of such incompetence. Plaintiff recovered a verdict, and defendant has brought the record

to this court for review.   The points of error relied upon by appellant for a reversal are the following:

"1. The injury of which the plaintiff in this case complains was due to an accident, which was one of the risks which he assumed when he entered the employ of the company.

"2. Assuming for the sake of argument that the plaintiff did not assume the risk by virtue of his employment, then under his own testimony he was guilty of contributory negligence.

"3. Since the injury was inflicted by a car operated by motorman Dillon, who was a fellow-servant of plaintiff, plaintiff cannot recover, even though Dillon was negligent.   There was error in the admission of testimony as to the alleged incompetency of the motorman, Dillon: (a) In the admission of the books of the company.   (b) In the testimony as to specific acts.

"4. Assuming that Dillon was negligent, his retention in the employ of the company was due to the demands of the union of which plaintiff was a member at that time, and which estops him from setting up the claim of negligence on the part of the company in retaining Dillon in its employ.

"5. The court was in error in giving as a portion of the charge the accumulative claims of the plaintiff."

We are of the opinion that point 5 is well founded. The only ground upon which the plaintiff was entitled to have his case submitted to the jury was that of negligence of an incompetent fellow-servant, of whose incompetence defendant had, or was chargeable with, notice.   After stating at length the several claims of plaintiff's counsel as to the acts or omissions of defendant which constituted negligence, the court said:

"It is essential to review all of these claims, because most of them seem to have some bearing in this case either upon the question of whether the viaduct was a safe place to work, or whether the plug was located as it should have been, or whether the company was negligent in not refusing Dillon employment or in retaining Dillon, whether Dillon was a competent or incompetent motorman, and some of them have a bearing on the question as to whether or not the plaintiff himself was guilty of

contributory negligence.    *   *   *    And I might as well say right here that if there was no evidence in this case except the claimed negligent acts of Dillon in running his car carelessly or too fast down through the viaduct, if there was no evidence of his incompetency, then it would be plain that the injury would have been caused solely by a fellow-servant, and, of course, one fellow-servant cannot recover from a company for the act of a fellow-servant, especially working in the same kind of employment, in the same class of service that he himself is employed in; but I have rehearsed these various claims, gentlemen, and they are full of your consideration."

Holding, as we do, that the only negligent acts upon which a recovery could be justified were those of Dillon, it was error to instruct the jury that they might fully consider the other claims of negligence in determining the question whether the defendant retained in its employ an incompetent motorman whose negligence caused the accident.

The books referred to under point 3 were books kept by defendant containing the records of conductors and motormen, and contained entries as to ·motorman Dillon. The defendant was chargeable with notice of the entries contained in the books, and the record of Dillon was admissible, not only for the purpose of showing notice to the company of the record, but also as prima facie evidence of any facts stated therein, and plaintiff was not limited in his use of the books to specific acts of incompetency otherwise shown, except as he may have limited himself by his declaration.    Furthermore, it is practically conceded by counsel for defendant, in their principal brief, that defendant recognized the incompetency of Dillon, and would not have taken him again into his employ after his discharge, except for the demands of the union.

"The contention of the defendant company is this: That the continuance of Dillon in the employment of the company, after the accident in September, 1902, was due solely to the demands and insistence of the organization of which the plaintiff at that time was a member and

continued to be until the time of the accident in question."

In support of their contention under point 4, counsel for defendant cite *Farmer* v. *Kearney*, 115 La. 722 (3 L. R. A. [N. S.] 1105). In view of our conclusion that a new trial must be had, for the reason above stated, we do not feel inclined to consider this important contention upon the record before us. While it appears from the record that some kind of an agreement existed between defendant and the union to which plaintiff belonged, whereby the "business agent" of the union had some voice in determining whether a member should be discharged, the entire agreement is not before us. According to the statements of counsel upon the oral argument, important provisions of the agreement, such as provisions for arbitration in case of disagreement between the business agent of the union and the defendant's officers, are not contained in this record. We, therefore, must decline to consider the question presented until it comes before us upon a record fully presenting the agreement between the defendant and the union.

The question of contributory negligence was for the jury, and the court did not err in so holding.

Judgment reversed, and a new trial granted.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.